UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DONNA JONES, Individually and on behalf of all other persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>VIDA CAFE INC. d/b/a MAMAJUANA CAFE, SUSANA OSORIO, and VICTOR OSORIO, Jointly and Severally,<br><br>Defendants. | ECF CASE<br><br>NO.: 1:26-cv-507 (JAV)<br><br>FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT<br><br>JURY TRIAL DEMANDED |

Plaintiff Donna Jones, individually and on behalf of all other persons similarly situated, alleges through her attorneys, Lipsky Lowe LLP, as against Defendants Vida Café Inc. d/b/a/ Mamajuana Café ("Mamajuana"), Susana Osorio, and Victor Osorio, jointly and severally (collectively, "Defendants"), as follows:

## NATURE OF THE ACTION

1. Plaintiff alleges, on her behalf and on behalf of all other similarly situated current and former employees of Defendants, who elect to opt into this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), that Defendants willfully violated the FLSA by unlawfully retaining gratuities.

2. Plaintiff alleges, on her behalf and on behalf of all other similarly situated current and former employees of Defendants, pursuant to Fed. R. Civ. P. 23 (a) and (b), that Defendants willfully violated the New York Labor Law ("Labor Law") by: (i) failing to pay the minimum wage; (ii) failing to pay spread-of-hours pay; (iii) failing to timely pay wages; (iv) unlawfully retaining gratuities; (v) failing to provide the Notice and Acknowledgement of Payrate and Payday under Labor Law § 195.1; and (vi) failing to provide an accurate wage statement under Labor Law § 195.3 with every wage payment.

3. Plaintiff also alleges on behalf of herself that she was constructively discharged and retaliated against by Defendants when she was forced to resign from her employment, as any reasonable person would, in violation of Labor Law § 215.

JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this matter under 28 U.S.C. §§ 1331 and 1337, 1343, and supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's FLSA claims under 29 U.S.C. § 216(b).

5. Venue is proper in this District under 28 U.S.C. §§ 1391(b)(1) and (2).

6. This Court is empowered to issue a declaratory judgment under 28 U.S.C. §§ 2201 and 2202.

THE PARTIES

7. Plaintiff was, at all relevant times, an adult individual residing in Bronx County, New York.

8. Defendant Vida Café Inc. d/b/a/ Mamajuana Café is a domestic limited liability company authorized to do business in New York. It has registered the following address with the New York Department of State, Division of Corporations, to accept service of process on its behalf: 247 Dyckman Street, New York, NY, 10034.

9. Defendant Carmen Osorio is the co-owner and Chief Executive Officer of Defendant Mamajuana.

10. Defendant Victor Osorio is the co-owner of Defendant Mamajuana.

11. Defendants, upon information and belief, collectively operate an enterprise engaged in commerce or in the production of goods for commerce. Defendants are engaged in commerce or in the production of goods for commerce, because, *inter alia*, they have employees

that handle goods and materials that have been produced for and moved in commerce, and, upon information and belief, its annual gross volume of business is at least $500,000. These goods and materials that have been produced for and moved in commerce, which its employees have handled, including liquor, food, glassware, computers and beverages.

12. Defendants, either directly or indirectly, hired Plaintiff and other employees, fired employees, controlled employees' work schedules and employment conditions, determined their payment rate and method, and kept at least some records regarding their employment.

13. At any given time, Defendants have had more than 11 employees.

14. Defendants constitute "employers" under all applicable statutes.

## STATEMENT OF FACTS

Overview[1]

15. Defendants operate Latin cuisine restaurants with several locations, upon information and belief, in New York, New Jersey, Pennsylvania and Florida.

16. Defendants Carmen and Victor Osorio own and operate Defendant Mamajuana and frequently oversee operations and direct employees in the 247 Dykman Street location, where Plaintiff worked.

17. Defendants Carmen and Victor Osorio are and were regularly at the restaurant, telling employees what to do and how to do it.

18. Defendant Carmen Osorio, by way example, would tell Plaintiff how to organize and clean the restaurant and how to serve VIPs who would frequent the restaurant.

19. Defendant Victor Osorio, by way of example, would tell employees what to clean and where to move items.

20. Defendants' hours of operation are, generally, 2:00pm to 1:00am on Monday to

[1] Headings are included for organizational purposes only.

Thursday, 12:00pm to at least 4:00am on Friday and Saturday, and 12:00pm to 2:00am on Sunday.

21. In the past three years, Defendants have employed approximately 25 tipped employees at each location, at any given time.

22. Defendants' tipped employees spend practically their entire shift performing physical labor.

23. Defendants' tipped employees spend at least 20% of their shift performing non-tipped work including but not limited to attending unpaid staff meetings, performing "side work" like cleaning or setting up for the next shift, and stocking supplies.

Defendants' Compensation and Scheduling Policies

24. Defendants require their tipped workers, such as servers, bussers, bartenders, and hostesses, to work one to six days a week, with each daily shift being anywhere from 6 to 12 hours.

25. Defendants pay their tipped workers between $9.00 and $11.00 per hour.

26. Defendants require their tipped workers to tip out a pre-determined 35% of their tips to the bar and bussers.

27. Defendants do not know whether their employees' tips plus hourly rate equals them being paid at least the statutory minimum wage.

28. Throughout Plaintiff's employment, Defendants typically paid their tipped workers weekly.

29. On several occasions during Plaintiff's employment, Defendants failed to timely pay their tipped workers, including Plaintiff, on a weekly basis.

30. By delaying payment to their tipped workers, including Plaintiff, they were underpaid for the work they performed; they were deprived of money that they are owed and

need; the value of the money, when eventually paid, is less than it would have been if they were timely paid; and they were not able to purchase everything they would have purchased if timely paid.

31. When Defendants' tipped workers work 10 hours or more in a day, Defendants do not pay them an extra hour at the minimum wage.

32. As a result of these practices, Defendants regularly do not pay their tipped workers for compensable time.

33. When hiring them and at no point during their employment has Defendants provided their tipped workers with an accurate Notice and Acknowledgment of Payrate and Payday under Labor Law § 195.1.

34. Defendants do not provide Plaintiff or the other tipped workers with an accurate wage statement under Labor Law § 195.3 with every wage payment.

35. Defendants' failure to provide their tipped workers with accurate wage notices and accurate wage statements deprives them of the information necessary to review their wages and hours worked and was a direct cause for their economic injury and, in fact, resulted in their wages being underpaid.

36. If Defendants had complied with the Labor Law §§ 195.1 and 195.3 notices and wage statements, their tipped workers would have been able to see that they were not being lawfully paid and would have been able to avoid underpayment of their wages.

Plaintiff's Employment

37. Defendants employed Plaintiff as a server from August 9, 2021, until she was unlawfully forced to resign, as explained herein, on September 1, 2025.

38. Plaintiff, in performing her duties, spent practically her entire shift performing physical labor.

39. Plaintiff spent more than 20% of her shift performing non-tipped work.

40. Plaintiff's regular work schedule was, typically, two days a week, equaling about 15-25 hours per week.

41. Plaintiff typically worked at least 12 hours on Saturday and at least 5 hours on Sunday.

42. From October 11, 2020 to mid-2024, Defendants paid Plaintiff hourly pay plus cash tips.

43. Beginning on mid-2024, Defendants stopped paying Plaintiff and others anything for an hourly wage.

44.

45. Throughout her employment, Defendants typically paid Plaintiff weekly, but were sometimes late paying Plaintiff by at least a week.

46. Plaintiff has worked more than 10 hours in a day throughout her employment.

47. When she worked more than 10 hours in a day, Defendants did not pay Plaintiff an extra hour at the minimum wage.

48. Defendants required Plaintiff and other tipped workers to attend an unpaid staff meeting at least twice a year, for about three hours each.

49. Defendants never provided Plaintiff with an accurate Notice and Acknowledgement of Payrate and Payday under Labor Law § 195.1.

50. Defendants did not provide Plaintiff with accurate wage statements under Labor Law § 195.3 with every wage payment.

51. From speaking with them, Plaintiff knows that other tipped workers were, like her, not paid all of their hours worked, were paid below the statutory minimum wage, and were not given the required Labor Law notices.

52. Plaintiff and others complained to Defendants about their Labor Law and FLSA violations, yet Defendants did not take any actions to determine if they were in violation, or correct their wrongdoing.

53. Defendants knowingly violated the Labor Law and FLSA with the explicit purpose of reducing their labor costs.

Defendants Constructively Discharged Plaintiff

54. Throughout her employment, Plaintiff complained to Defendants about the lack of pay, most recently in August 2025.

55. In response, Defendants denied any wrongdoing and insisted that Plaintiff was being paid correctly.

56. As a result of Defendants' wage violations and inattention to Plaintiff's complaints, they forced Plaintiff to endure months of working while being drastically underpaid.

57. On September 1, 2025, Plaintiff resigned from employment with Defendants as a result of her wage complaints going unaddressed.

58. Plaintiff was forced to resign in order to find work for an employer who would fully pay her for her work.

59. Any reasonable person in Plaintiff's situation would have resigned in order to avoid continuing to work while being drastically underpaid.

60. Plaintiff was constructively discharged from employment with Defendants.

## COLLECTIVE ACTION ALLEGATIONS

61. Under the FLSA, 29 U.S.C. § 206, Plaintiff seeks to assert these allegations and claims as a collective action:

> All persons whom Defendants employ and have employed in tipped positions at any time since January 20, 2023 to the entry of judgment in this case (the "Collective Action Members").

62. Plaintiff and the Collective Action Members are similarly situated on several legal and factual issues, including:

a. Defendants employed the Collective Action Members within the meaning of the FLSA;

b. Collective Action Members performed similar duties;

c. Defendants willfully or recklessly violated the FLSA;

d. Defendants should be enjoined from such violations of the FLSA in the future; and

e. The statute of limitations should be estopped or equitably tolled due to Defendants' statutory violations.

CLASS ACTION ALLEGATIONS

63. Plaintiff asserts these allegations and claims on their own and on behalf of a class of persons under Fed. R. Civ. P. 23(a), (b)(2) and (b)(3):

> All persons whom Defendants employ and have employed in the State of New York in tipped positions at any time since January 20, 2020 (the "Class Members").

64. The Class Members identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within Defendants' sole control, upon information and belief, at least 40 Class Members exist.

65. Plaintiff's claims are typical of the Class Members', and a class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

66. Defendants have acted or refused to act on grounds generally applicable to the

Class Members, making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class Members.

67. Plaintiff is committed to pursuing this action and have retained competent counsel experienced in employment law, wage and hour law, and class action litigation.

68. Plaintiff has the same interest in this matter as all other Class Members and their claims are typical of Class Members'.

69. Common questions of law and fact exist as to the Class Members that predominate over any questions solely affecting the individual Class Members, including:

a. Whether Defendants employed Plaintiff and the Class Members within the meaning of the Labor Law;

b. What proof of hours worked is sufficient where employers fail in their duty to maintain time records;

c. Whether Defendants paid Plaintiff and the Class Members for all hours worked;

d. Whether Defendants gave Plaintiff and the Class Members proper notice of the "tip credit" as 12 N.Y.C.R.R. §§ 146-1.3 and 2.2 requires;

e. Whether Defendants failed to provide Plaintiff and the Class Members Notice and Acknowledgement of Payrate and Payday under Labor Law § 195.1;

f. Whether Defendants failed to provide Plaintiff and the Class Members wages statements under Labor Law § 195.3;

g. Whether Defendants failed to post or keep posted a notice explaining the minimum wages and overtime pay rights provided under the Labor Law in any area where Plaintiff and the Class Members are employed;

h. Whether Defendants are liable for all damages claimed hereunder, including but not limited to, interest, costs and disbursements and attorneys' fees; and

i. Whether Defendants should be enjoined from such violations of the Labor Law in the future.

FIRST CAUSE OF ACTION
UNLAWFUL RETENTION OF GRATUITIES/UNLAWFUL WAGE DEDUCTIONS UNDER THE FLSA
(On Behalf of Plaintiff and the Collective Action Members)

70. Plaintiff realleges every preceding allegation as if set forth fully herein.

71. Plaintiff consents, through counsel, to be a party to this action under 29 U.S.C. §216(b).

72. Defendants employed, and/or continue to employ, Plaintiff and the Collective Action Members within the meaning of the FLSA.

73. Defendants willfully violated 29 U.S.C. § 203(m)(2)(B) by unlawfully retaining a portion of Plaintiff's and Collective Action Members' gratuities.

74. Defendants have made unlawful deductions and required kickbacks from Plaintiff by deducting from Plaintiff's tips that were received from customers.

75. The deductions made from Plaintiff's wages have not been authorized or required by law.

76. The deductions made from Plaintiff's wages have not been expressly authorized in writing by Plaintiff, and have not been for their benefit.

77. Through their knowing or intentional efforts to permit unauthorized deductions form Plaintiff's wages, Defendants have willfully violated the FLSA. 29 U.S.C. § 206(a); 29 C.F.R. § 531.35.

78. Defendants were aware or should have been aware that the practices described in

this Complaint were unlawful, making their violations willful or reckless.

79. Defendants have not made a good faith effort to comply with the FLSA with respect to Plaintiff and the Collective Members' compensation.

80. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies under 29 U.S.C. § 255 and should be equitably tolled between the filing of this lawsuit and when the Court conditionally certifies the collective action.

81. The individual Defendants are personally liable for these statutory violations.

82. Due to Defendants' violations of the FLSA, Plaintiff and the Collective Action Members are entitled to recover from Defendants their unlawfully retained gratuities, statutory liquidated damages, reasonable attorneys' fees, costs, and pre- and post-judgment interest and such other legal and equitable relief as this Court deems just and proper.

SECOND CAUSE OF ACTION
FAILURE TO PAY THE MINIMUM WAGE
UNDER THE NEW YORK LABOR LAW
(On Behalf of Plaintiff and the Class Members)

83. Plaintiff realleges every preceding allegation as if set forth fully herein.

84. Defendants are jointly an "employer" under Labor Law §§ 190, 196-d, 651(5), 652 and supporting New York State Department of Labor Regulations and employed Plaintiff and the Class Members.

85. At all relevant times, Defendants were subject to the Minimum Wage Order for the Hospitality Industry promulgated by the New York State Department of Labor, 12 N.Y. C.R.R. Part 146

86. The wage payment provisions of Article 6 of the Labor Law and supporting New York State Department of Labor Regulations apply to Defendants and protect Plaintiff and the Class Members.

87. Under the Labor Law and supporting New York State Department of Labor Regulations, Defendants was required to pay Plaintiff and the Class Members the statutory minimum wage.

88. Upon information and belief, Defendants failed to post, in a conspicuous place upon their premises a notice issued by the New York State Department of Labor summarizing minimum wage provisions, violating the Labor Law and supporting New York State Department of Labor Regulations. 12 N.Y.C.R.R. §§ 137-2.3, *et seq.*

89. Defendants paid Plaintiff and the Class Members below the statutory minimum wage.

90. Defendants are not eligible to take a tip credit and pay Plaintiff and the Class Action Members below the statutory minimum wage under 12 N.Y.C.R.R. §§ 137-2.1, 2.2 and 12 N.Y.C.R.R. §§ 146-2.2, 2.9 because: (i) Defendants failed to inform Plaintiff and the Class Action Members of the Labor Law's tip credit provisions, failing to give them the required notice; (ii) Defendants failed to pay them for all hours worked in violation of the Labor Law; (iii) retained some of their tips; and (iv) Plaintiff and the Class Members each spent more than 20% of their shifts performing non-tipped work.

91. Defendants are accordingly liable to Plaintiff and the Class Action Members for the difference between the hourly rate at which they paid them and the statutory minimum wage.

92. Defendants willfully violated the Labor Law by knowingly and intentionally failing to pay Plaintiff and the Class Members the minimum wage.

93. The individual Defendants are personally liable for these statutory violations.

94. Due to Defendants' Labor Law violations, Plaintiff and the Class Members are entitled to recover from Defendants their unpaid wages, liquidated damages, reasonable attorneys' fees, costs, and pre- and post-judgment interest.

THIRD CAUSE OF ACTION
FAILURE TO PAY SPREAD-OF-HOURS PAY
UNDER THE NEW YORK LABOR LAW
(On Behalf of Plaintiff and the Class Members)

95. Plaintiff realleges every preceding allegation as if set forth fully herein.

96. Defendants willfully failed to pay Plaintiff and the Class Members one additional hour's pay at the basic minimum wage rate before allowances for each day that their spread of hours exceeded ten hours, violating Part 146 § 146-1.6 of Title 12 of the Official Compilation of Codes, Rules and Regulations.

97. By their failure to pay Plaintiff and the Class Members spread-of-hours pay, Defendants have willfully violated the Labor Law Article 19, §§ 650, *et seq*. and the supporting New York State Department of Labor Regulations.

98. The individual Defendants are personally liable for these statutory violations.

99. Due to Defendants' Labor Law violations, Plaintiff and the Class Members are entitled to recover from Defendants their unpaid spread-of-hours pay, liquidated damages, reasonable attorneys' fees, costs, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

FOURTH CAUSE OF ACTION
FAILURE TO PAY TIMELY WAGES
UNDER THE NEW YORK LABOR LAW
(On Behalf of Plaintiff and the Class Members)

100. Plaintiff realleges every preceding allegation as if set forth fully herein.

101. Plaintiff and the Class Members are "manual workers" within the meaning of Labor Law § 190(4).

102. As manual workers, Defendants were required to pay Plaintiff and the Class Members "not later than seven days after the end of the week in which the wages are earned."

Labor Law § 191(1)(a)(i).

103. With Defendants paying Plaintiff and the Class Members every 14 days, it did not pay them for the first seven days they worked during each period within seven days at the end of that week, violating Labor Law § 191(1)(a)(i).

104. For violating Labor Law § 191(1)(a)(i), Defendants are liable to Plaintiff and the Class Members for interest and attorneys' fees and expenses. Labor Law § 198(1-a).

105. The individual Defendants are personally liable for these statutory violations.

FIFTH CAUSE OF ACTION
UNLAWFULLY RETAINED GRATUITIES
UNDER THE NEW YORK LABOR LAW
(Brought on Behalf of Plaintiff and the Class Members)

106. Plaintiff realleges every preceding allegation as if set forth fully herein.

107. Defendants willfully violated the Labor Law § 196-d by unlawfully retaining a portion of the gratuities, by unlawfully remitting them to the managers, that should be remitted to the Class Members.

108. Due to Defendants' violations of the Labor Law, Plaintiff and the Class Members are entitled to recover from Defendants their unlawfully retained gratuities, statutory liquidated damages, reasonable attorneys' fees, costs, and pre- and post-judgment interest.

109. The individual Defendants are personally liable for these statutory violations.

SIXTH CAUSE OF ACTION
FAILURE TO PROVIDE 195.1 NOTICE
UNDER THE NEW YORK LABOR LAW
(On Behalf of Plaintiff and the Class Members)

110. Plaintiff realleges every preceding allegation as if set forth fully herein.

111. Defendants willfully failed to supply Plaintiff and the Class Members with the required Notice and Acknowledgement of Pay Rate and Payday under Labor Law § 195.1(a) within 10 business days of their first employment date.

112. Due to Defendants' violations of Labor Law § 195.1, Plaintiff and the Class Members are entitled to recover from Defendants $50.00 for each workday that the violations occurred or continue to occur, or a total of $5,000.00, reasonable attorneys' fees, costs, injunctive and declaratory relief. Labor Law § 198(1)-b (2016).

113. The individual Defendants are personally liable for these statutory violations.

SEVENTH CAUSE OF ACTION
FAILURE TO PROVIDE 195.3 WAGE STATEMENT
UNDER THE NEW YORK LABOR LAW
(On Behalf of Plaintiff and the Class Members)

114. Plaintiff realleges every preceding allegation as if set forth fully herein.

115. Defendants have willfully failed to supply Plaintiff and the Class Members with the required accurate wage statements with every payment of wages, violating Labor Law § 195.3.

116. Due to Defendants' violations of Labor Law § 195.3, Plaintiff and the Class Members are entitled to recover from Defendants $100.00 for each work week that the violations occurred or continue to occur, or a total of $5,000.00, as provided for by Labor Law § 198(1)-d, reasonable attorneys' fees, costs, injunctive and declaratory relief.

117. The individual Defendants are personally liable for these statutory violations.

EIGHTH CAUSE OF ACTION
RETALIATION UNDER THE NEW YORK LABOR LAW
(On Behalf of Plaintiff Only)

118. Plaintiff realleges every preceding allegation as if set forth fully herein.

119. Plaintiff complained to Defendants about their unlawful wage practices of not paying her for all hours worked.

120. An employer violates the Labor Law when not paying a non-exempt employee for all hours worked.

121. Defendants forced Plaintiff to resign in response to her complaints about its wage practices, violating N.Y. Lab. § 215.

122. Any reasonable person in Plaintiff's position would resign from employment as opposed to continue working under such conditions.

123. Defendants' actions against Plaintiff were willful, malicious and wanton.

124. The individual Defendants are personally liable for these statutory violations.

125. Defendants are liable to Plaintiff for her loss of wages, liquidated damages, punitive damages, and attorneys' fees and expenses.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on her behalf and on behalf of all Class and Collective Action Members, respectfully request this Court grant the following relief:

a. Designating this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice under 29 U.S.C. § 216(b) to all similarly situated members of an FLSA opt-in collective action, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue under 29 U.S.C. § 216(b) and appointing Plaintiff and her counsel to represent the Collective Action Members and tolling of the statute of limitations;

b. Certifying this action as a class action under Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the Class Members and appointing Plaintiff and her counsel to represent the Class Members;

c. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the Labor Law;

d. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them, as provided by

law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

e. An award for unpaid minimum wage under the FLSA and Labor Law;

f. An award for untimely paid wages under the Labor Law;

g. An award for unpaid spread-of-hours pay under the Labor Law;

h. An award for failing to provide the Labor. Law § 195.1 Notice;

i. An award for failing to provide the Labor Law § 195.3 Wage Statements;

An award of liquidated damages as a result of Defendants' Labor Law violations;

j. An award of liquidated damages as a result of Defendants' willful FLSA violations;

k. Equitably tolling the statute of limitations under the FLSA;

l. An award of pre-judgment and post-judgment interest;

m. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

n. Such other and further relief as this Court deems just and proper.

DEMAND FOR TRIAL BY JURY

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury on all questions of fact the First Amended Complaint raises.

Dated: New York, New York
May 1, 2026

LIPSKY LOWE LLP

s/ Douglas B. Lipsky
Douglas B. Lipsky
Rebecca L. Pattiz
420 Lexington Avenue, Suite 1830
New York, New York 10170
212.392.4772
doug@lipskylowe.com
rebecca@lipskylowe.com
*Attorneys for Plaintiff*
*And all other persons similarly situated*